■ JUDY LEMME, Appellant-Respondent, v BRUCE LEMME, Respondent-Appellant. [743 NYS2d 723] —In a matrimonial action in which the parties were divorced by judgment dated October 9, 1992, the plaintiff former wife appeals from stated portions of an order of the Supreme Court, Westchester County (Dillon, J.), dated March 29, 2001, which, inter alia, denied those branches of her consolidated cross motions which were for an award of child support arrears and future child support and college expenses, and the defendant former husband cross-appeals from so much of the same order as fixed October 26, 1999, as the valuation date of the marital residence, awarded the plaintiff specified costs for capital improvements thereto, and denied his request for credit for overpayment of college expenses.

Ordered that the order is affirmed insofar as appealed and cross appealed from, without costs or disbursements.

The Supreme Court correctly found that there was "affirmative conduct evidencing a waiver" by the parties of the defendant's child support obligation (*Matter of Grant v Grant,* 265 AD2d 19, 23). Correspondence from the plaintiff's brother on her behalf to the defendant acknowledges the end of child support by the defendant on the 18th birthday of the parties' child. Furthermore, the defendant included a note with the final support check indicating that he was tendering the last payment. Although the plaintiff endorsed this check, "without prejudice," she did not seek enforcement for the unpaid child support until over a year after the cessation of the defendant's payments.

Furthermore, we agree that the defendant substantially complied with his obligation under the judgment of divorce to pay a pro rata share of his daughter's college expenses. Thus, with the exception of a disputed housing fee, the plaintiff is not entitled to reimbursement for extra college expenses.

With regard to capital improvement costs charged to the defendant, the plaintiff provided sufficient documentation in the form of invoices, bills, canceled checks, and bank statements for all capital improvements she alleged, and the Supreme Court properly credited her for those items.

The parties' remaining contentions are without merit. Feuerstein, J.P., O'Brien, Adams and Cozier, JJ., concur.